OPINION & ORDER
OPINION by
BRENDA C. DESMOND, Chief Justice,
joined by Associate Justices GERARD SCHUSTER and JOSEPH RAFFIANI.
This is a proceeding concerning the suspension of Tribal Lay Advocate Leighton Reum from practice before the Foil Peck Tribal Court. Review of the Order suspending Mr. Reum is denied in accordance with the following.
On April 25, 2005, the late Bryce Wildcat, Chief Justice of the Fort Peck Tribal Court filed a Petition for Suspension of Mr. Reum under Title II CCOJ S 504. The Petition alleged that Mr. Reum had violated the Fort Peck Tribes Code of Ethics for Attorneys and Lay Counselors in eleven described instances going back to 2003. Nine counts alleged violations of Canon 3, Diligence. One Count alleged violations of Canon 12, Expediting Litigation. One Count alleged violations of both Canons 3 and 12. One Count alleged violation of Canon 12 and of Canon 16, Conduct Before the Fort Peck Courts.
Mr. Reum was served with the Petition and Notice of hearing by registered mail on April 26, 2005 and by personal service on April 28, 2005. The Notice stated the hearing was set for May 26, 2005 at 9 am. On May 10, 2005, Chief Judge Wildcat recused himself from the case. Mr. Reum was served with a copy of the recusal Order.
On May 26, 2005, Visiting Tribal Judge Duane Gopher conducted a hearing in the matter. Mr. Reum did not appeal- for the hearing or contact the tribal court to request a change in the time and date of the hearing. Judge Gopher granted Tribal Prosecutor Imogene DeMarrias’s Motion for a default judgment.
Judge Gopher’s June 2, 2005 Order suspended Mr. Reum from practice for a peri *169 od oí six months, beginning May 26, 2005. Further, Judge Gopher ordered Mr. Reum to complete all outstanding court orders within 60 days and to pay previously imposed fines of $710. Judge Gopher also ordered that Mr. Reum would not be reinstated until these requirements had been met.
On June 29, 2005, more than fifteen working days after Judge Gopher’s Order, Mr. Reum filed a “Consolidated Motion & Brief in Support to Set Aside Court Order of June 2, 2005 for Violation of Due Process or in the Alternative, Stay all Current Orders and Further Proceedings Pending Appeal.” Mr. Reum’s objections to the Order may be summarized as follows:
(1) he alleges his due process rights were violated because he was not notified that another judge had been appointed to replace Judge Wildcat or that the prosecutor had been appointed to conduct the proceeding for the Tribal Court;
(2) he also alleges that the prosecutor did not have legal standing to take over the proceeding.
On July 25, 2005 Judge Gopher denied Mr. Reum’s Motion. Mr. Reum did not file a Petition to Review before this Court. Therefore, under Title II § 207, a timely request for review has not been filed.
In order to provide some guidance to the Tribal Court and in view of the seriousness of the issue, we will address the process for disbarment or suspension of attorneys and lay counselors.
Maintaining a high standard of practice in the Fort Peck Tribal Court is a priority of the Fort Peck Tribes. The Comprehensive Code of Justice includes Title II § 501. Qualifications for admissions as attorney or lay counselor. Subsection (b), Lay counselor, provides in relevant part:
To be eligible to serve as a lay counsel- or, a person (1) must be at least twenty one (21) years of age; (2) must be of high moral character and integrity; (3) not have been dishonorably discharged from the Armed Services; (4) must have successfully completed a bar examination administered as prescribed by the Tribal Executive Board; (5) must not have been convicted of a felony in any jurisdiction. (Amended as per Resolution No. 904-90-6, DATED 06/25/90.)
As further evidence of its commitment to high standards of practice in the Fort Peck Tribal Court, in 1987, the Tribal Executive Board adopted a Code of Ethics for Attorneys and Lay Counselors. (Resolution No. 2982-87-8, 8/10/87.)
The Comprehensive Code of Justice also provides a procedure for addressing situations when attorneys or lay counselors are not performing to the level required. Specifically, Title II CCOJ § 504 provides in relevant part:
(a) The Tribal Court or the Court of Appeals may disbar an attorney or lay counselor from practice before the courts, or impose suspension from practice for such time as the Court deems appropriate, pursuant to rules adopted by the Court, provided that the Court shall give such attorney or lay counselor reasonable prior notice of the charges against him/her and an opportunity to respond to them. The rules shall include significant violations of the Code of Ethics of the Assiniboine and Sioux Tribes of the Fort Peck Reservation as grounds for disbarment.
Since the adoption of Title II § 504, the Court of Appeals has carefully reviewed a number of cases involving suspensions or disbarments. An examination of those eases reveals that both the Fort, Peck Tribal Court and the Court of Appeals have taken seriously their duty to respond *170 to situations where it appears or is alleged that the public must be protected from substandard performance of attorneys and lay counselors. See, e.g. Appeal. Nos, 4, 31, 37, 60, 61, 68, 187.
Title II CCOJ § 504 outlines the procedure to be followed in proceedings on disbarment or suspension. Specifically, § 504 requires that disbarment or suspension be based on “significant” violations of the standards of practice. Also, the provision requires the Court to provide notice to the attorney or lay counselor and an opportunity to respond. Further, § 504 refers to the adoption of rules for its implementation. Our examination of cases on the subject indicates that in the absence of written rules, the Tribal Court has complied with the section’s requirements.
In conclusion, IT IS HEREBY ORDERED that Mr. Reum’s review is denied. The decision of the Tribal Court remains in effect.